IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kyron Shakeel Swaso, | C/A No.: 1:25-3586-BHH-SVH |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| Department of Homeland Security, | |
| Respondent. | |

Kyron Shakeel Swaso ("Petitioner") is a federal inmate now in the custody of Folkston Immigration and Customs Enforcement ("ICE") Detention Center. He filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to the undersigned for pretrial proceedings pursuant to 28 U.S.C. § 636(b) and Local Civ. Rule 73.02(B)(2)(c) (D.S.C.). For the reasons that follow, the undersigned recommends the district judge transfer this case to the Southern District of Georgia.

I.     Factual and Procedural Background

On March 7, 2025, Petitioner initiated a case by filing a one-page document titled "Petition for Writ of Habeas Corpus Under 28 U.S.C. 2254." *See* C/A No. 1:25-1421-BHH-SVH ("*Swaso I*"). The undersigned issued an order explaining the differences between habeas petitions brought pursuant to § 2241 and § 2254 and directing Plaintiff to file one of them. [ECF No. 4]. In response, Petitioner filed both a § 2241 and § 2254 petition in two separate

mailings. The undersigned interpreted Petitioner as proceeding in *Swaso I* under § 2254 and directed the § 2241 petitions be assigned a new case number. This instant matter is Petitioner's case pursuant to § 2241.

Petitioner was arrested on state charges, but is now being detained at the Folkston ICE Detention Center in Folkston, Georgia. Petitioner alleges he is illegally detained in immigration custody. [ECF No. 1 at 4].

II.  Discussion

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted).

Petitioner is confined at Folkston ICE Detention Center in Folkston, Georgia. Accordingly, this petition is better considered by the Southern District of Georgia. *See Rumsfeld*, 542 U.S. at 445 ("[T]he custodian's absence from the territorial jurisdiction of the district court is fatal to habeas jurisdiction."). The

undersigned finds transfer of the instant petition to the Southern District of Georgia would serve the interests of justice and would not prejudice either party. *See Feller v. Brock*, 802 F.2d 722, 729 n.7 (4th Cir. 1986) ("Although a motion by one of the parties is ordinarily required for transfer, the district court may consider the possibility of transfer sua sponte.").

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends this case be transferred to the United States District Court for the Southern District of Georgia.

IT IS SO RECOMMENDED.

May 2, 2025                                                    Shiva V. Hodges
Columbia, South Carolina                          United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).